EARLE W. HAMMONS, Appellant, *v.* GENERAL RAILWAY SIGNAL
COMPANY, Respondent.

First Department, December 2, 1938.

*Lyman A. Spalding* of counsel [*John H. Jackson* and *Francis G.
Hoyt* with him on the brief; *Hall, Cunningham, Jackson & Hay-
wood*, attorneys], for the appellant.

*Mark W. Norman*, for the respondent.

PER CURIAM. On defendant's motion, under rule 112 of the
Rules of Civil Practice, the Special Term dismissed the complaint on
the ground that the pleadings and bills of particulars indicate that
the defense of the six-year Statute of Limitations was sustained;
and further held that as section 59 of the Civil Practice Act was
applicable written evidence of the agreement on January 6, 1930,
was required, and its absence was fatal.

A reading of the complaint and the bills of particulars indicates
that plaintiff is suing not upon the contract of October 7, 1929,
but upon a different contract made January 6, 1930. That con-
tract, as alleged, is an agreement under the terms of which defendant
(1) gave plaintiff an option to purchase 4,000 shares of defendant's

capital stock at eighty-five dollars a share during the year 1930 in consideration of plaintiff's agreement to refrain until December 31, 1930, from asserting any claim for reimbursement for losses arising from the prior transaction of October 7, 1929; and (2) agreed that in any event it would pay plaintiff on January 1, 1931, the amount by which plaintiff's losses in connection with the prior transaction exceeded any profit which plaintiff might derive from the exercise of the option. This is not a mere acknowledgment or a new promise to pay the old claim; it is a new contract different in its terms and made on new consideration; and, therefore, section 59 of the Civil Practice Act is not applicable. Assuming that plaintiff's pleadings sufficiently fix the date of the commencement of action as of May 28, 1936, the cause of action did not accrue prior to January 1, 1931, and was not barred by the applicable six-year Statute of Limitations. It was, therefore, error to dismiss the complaint on motion under rule 112.

The order and judgment appealed from should be reversed, with costs, and the motion denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Order and judgment unanimously reversed, with costs, and the motion denied.